IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACKIE D. MATNEY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3443-SSA-CV-S-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Jackie Matney, Sr., seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* He asserts the decision of the Administrative Law Judge (ALJ) that he has the residual functional capacity (RFC) to perform work in the economy is not supported by the record. The parties' briefs are fully submitted.

**Standard of Review**

The reviewing court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

Substantial evidence is "relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Young v. Apfel, 221 F.3d at 1068. It is

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

more than a scintilla of evidence, McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983), but is less than a preponderance of the evidence.  Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001).  The possibility of drawing inconsistent conclusions from the evidence does not prevent the Commissioner's finding from being supported by substantial evidence.  Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d at 282.  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian, 697 F.2d at 220.

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff Jackie Matney, Sr., was born in 1960 and has a tenth grade education.  He is approximately six feet tall and weighs around 310 pounds.  He has previously worked as a brake pad operator, security guard, armed guard and bank courier.  He claims he is disabled due to obesity, degenerative disc disease, sleep apnea, arthritis, carpal tunnel syndrome, diabetes, gastroesophageal reflux disease, heart problems, and problems with his legs, shoulders and

2

elbows.  He claims he is unable to sleep or to remain in one position for any period of time.  He uses a "lift" chair and reclines for regular periods during the day.  He drives, but is concerned he will fall asleep behind the wheel because of the sleep apnea.  He states he cannot lift objects and frequently drops things.  He states he requires assistance with putting on his shoes and socks, and help with some of his daily hygiene requirements.

Matney claims the administrative law judge (ALJ) erred by using the wrong standard at step 2 of the analysis, by using a RFC that was not supported by the record and by not fully developing the record.  He claims his carpal tunnel syndrome and sleep apnea should have been found to be severe impairments, the ALJ should have cited to specific evidence in the record, and the ALJ should not have disregarded the opinion of his treating physician, Dr. Bennet.

The ALJ found Matney had the following impairments, which were severe:  obesity, diabetes mellitus, generalized osteoarthritis with degenerative joint disease, multi-level degenerative disc disease and gout.  Additionally, she found claimant had sleep apnea, bilateral carpal tunnel syndrome (status post carpal tunnel release) and gastroesophageal reflux disease, but these impairments did not result in significant functional limitations and thus, were not severe.

The ALJ referenced statements in the medical records that plaintiff's carpal tunnel syndrome was "relatively minor"[2], that his sleep disorder improved with a nasal CPAP, and that Dr. Bennet's opinion was based upon a different disability standard and was not adequately supported by objective evidence in the medical record.  Matney's reflux problems improved with medication, and an esophago-gastroduodenoscopy in April 2002 was noted to be unremarkable.  The ALJ commented that plaintiff's physicians advised him to exercise and lose weight, and that an orthopedic consultant opined that Matney had insufficient orthopaedic pathology to justify Medicaid eligibility.

Matney indicated that his nasal CPAP machine was rented, and that it was returned when he lost his Medicaid eligibility.  The medical records show plaintiff had a severe sleep disorder,

---

[2]The medical records suggest plaintiff's complaints with his left hand were more related to tennis elbow than to carpal tunnel syndrome.  The treatment notes after his carpal tunnel release surgery indicated he was doing well with only minimal tenderness, and there was no indication that he returned with complaints of ongoing pain.

3

but that it was amenable to treatment.  The court's review is limited to a determination of whether there is substantial evidence on the record as a whole to support the Commissioner's decision.  Comstock v. Chater, 91 F.3d 1143, 1145 (8th Cir. 1996).  "Impairments that are controllable or amenable to treatment do not support a finding of disability, and '[f]ailure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits.'"  Kisling v. Chater, 105 F.3d 1255 (8th Cir. 1997).  Thus, where there is evidence on the record to support the ALJ's determination that the impairment was not severe, this court must defer to that decision.

      Likewise, the court does not find the ALJ erred in giving little weight to the opinion of Dr. Bennet that plaintiff was disabled.  Dr. Bennet's treatment notes are not detailed or specific, and his opinion is not substantially supported by the majority of the medical evidence and diagnostic testing.

> The ALJ is required to assess the record as a whole to determine whether treating physicians' opinions are inconsistent with substantial evidence on the record.  20 C.F.R. § 404.1527(d)(2).  "A treating physician's opinion is generally given controlling weight, but is not inherently entitled to it."  Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006).  See 20 C.F.R. § 404.1527(d)(2).  An ALJ may elect under certain circumstances not to give controlling weight to treating doctors opinions.  A physician's statement that is "not supported by diagnoses based on objective evidence" will not support a finding of disability.  Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir.2003).  If the doctor's opinion is "inconsistent with or contrary to the medical evidence as a whole, the ALJ can accord it less weight."  Id.; see also Hacker, 459 F.3d at 937; 20 C.F.R. § 404.1527(d)(2).  It is the ALJ's duty to resolve conflicts in the evidence.  See Hacker, 459 F.3d at 936."

Travis v. Astrue , 477 F.3d 1037, 1041 (8th Cir. 2007).

      The medical records clearly show that Matney had degenerative disease and other conditions which caused him pain.  He was overweight and inactive.  Nevertheless, the records do not show objective evidence that plaintiff's condition was as severe as he testified to, or that the ALJ's decision was not supported by substantial evidence on the record as a whole.

      Matney had a poor work history, and his emergency room records seeking treatment for injuries after he was working in the yard, sledding, and swimming in a lake, suggest that his testimony regarding his pain and daily activities may not have been entirely credible.

      Plaintiff challenges the residual functional capacity determination by the ALJ, but the court finds it was supported by the record.  The ALJ's determination of RFC must be supported

4

by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545." Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001). Thus, the ALJ must set forth the limitations and determine how those limitations affect his or her RFC. Lewis v. Barnhart, 353 F.3d at 646. The ALJ cited to the record, set forth conditions she found to be supported by objective medical evidence and plaintiff's subjective complaints, and identified limitations as a result of specific conditions.

Finally, the court notes there were medical records addressing plaintiff's various allegedly disabling conditions, and the ALJ did not err in not seeking further medical opinions regarding plaintiff's physical limitations and otherwise developing the record.

This court may not make a de novo determination and must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds substantial evidence to support the ALJ's decision to discount plaintiff's testimony. Further, the agency's decision is supported by substantial evidence on the record. Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 31st day of July, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5

Case 6:06-cv-03443-WAK   Document 13   Filed 07/31/07   Page 5 of 5